CITY OF SOMERVILLE *vs.* COUNTY COMMISSIONERS OF MIDDLESEX.

Middlesex. Jan. 19. — Mar. 7, 1877. MORTON & ENDICOTT, JJ., absent.

The city council of a city, pending a discussion upon the adoption of an order to widen a certain street, directed a committee on highways "to cause all fences and structures belonging to abutters" on the street "encroaching upon the limits" of the same, "as shown by a certain plan," to be removed therefrom within a certain time, and the committee did so. The county commissioners had previously defined the limits of the street, and prior to this order none of the steps preliminary to the widening of a street had been taken by the city. *Held*, on a petition for a writ of certiorari to quash the proceedings of the county commissioners in granting the petition of one of the abutters, whose land had been taken under the order, for a jury to assess his damages, that the order was a mere assertion by the city of a right in the premises taken and for the removal of encroachments, and not for a laying out or widening of a street.

PETITION for a writ of certiorari, alleging that in September, 1875, David A. Sanborn and Daniel A. Sanborn, executors of the will of David A. Sanborn, petitioned the respondents for a jury to assess the damages sustained by them as set forth in their petition, which alleged that their testator in his lifetime and on October 5, 1874, was seised in fee of certain land situated on Prospect Street in Somerville; that on October, 5, 1874, the board of mayor and aldermen of the city of Somerville at a regular meeting passed the following order, which was concurred in by the common council on October 7, 1874: "In board of mayor and aldermen, October 5, 1874; Ordered, that the committee on highways be and they are hereby directed and instructed to cause all fences and structures belonging to abutters on Prospect Street, between Milk Street and Webster Avenue, encroaching upon the limits of said Prospect Street, as shown by a plan made by Loring R. Horne during the year 1873, then city engineer, to be removed therefrom in fifteen days from the date hereof;"

that the committee on highways, under and in pursuance of this order, caused to be removed the fences of Sanborn, and, in so doing, entered upon, took and appropriated a strip of Sanborn's land upon Prospect Street, and ousted and evicted him therefrom; that the executors, were aggrieved by the acts and doings of the city council in so altering and widening Prospect Street, and suffered great damage thereby, to wit, in the sum of $3000.

The petition also alleged that in September, 1875, the respond-ents ordered the petitioner to be notified to appear before them on November 16, 1875, upon which day the petitioner did appear by its attorney and filed a plea to the jurisdiction, in which the petitioner alleged that the petition of the executors did not set forth any grievances or claims of or concerning which the respondents had any jurisdiction; that the mayor and aldermen and common council of the city of Somerville, in October, 1874, or at any time within one year prior to the day of filing the petition, did not lay out, widen or alter Prospect Street, or lay out, widen or alter any public street or way, or any private way whereby Sanborn's land was taken; that the land alleged to have been taken and appropriated as set forth in the petition, was long prior to the alleged taking a part of Prospect Street, the same being a public highway, street or way in Somerville, and that the executors were accordingly not entitled to a warrant for a jury, or to any redress as prayed for by them, and that the petition filed by them should be dismissed.

The petition also alleged that the respondents, without right, authority or jurisdiction in the premises, ordered a jury to be empanelled and issued a warrant for the same, and that the jury had accordingly been summoned and empanelled, but no hearing had been had before them upon the petition of the executors. The prayer of the petition was that a writ of certiorari might issue, requiring the respondents to certify their proceedings in the premises, and that the same might be quashed.

The answer admitted the facts set forth in the petition, averred that the respondents had jurisdiction in the premises, and alleged that the taxable area of Sanborn's land was diminished the year after the order of October 5, 1874, and annexed to the answer was a return of certain proceedings of the county commissioners in 1863, whereby it appeared that, upon the

petition of the selectmen of the town of Somerville, Prospect Street, among others, was laid out fifty feet wide within certain distances. Certain records of the city of Somerville were also annexed, the substance of which is stated in the opinion.

*Ames*, J., reserved the case, on the petition and answer, for the consideration of the full court.

*S. C. Darling*, for the petitioner.

*E. Avery*, for the respondents.

DEVENS, J. In considering whether the petitioner is entitled to the writ prayed for, it is to be determined what is the proper construction and legal effect of the vote and order of the city of Somerville of the date of October 5–7, 1874. This vote the executors of the will of David A. Sanborn made the basis of a petition to the respondents, in which they prayed that a jury might be ordered to assess the damage done to such estate by the appropriation and taking of Sanborn's land thereunder. If this vote is to be interpreted as an order for the laying out or widening of Prospect Street and thus for the taking of Sanborn's land, it may be that such petition should have been granted. If it is to be deemed not as a laying out or widening, but an assertion by the city of Somerville of a right in the premises taken as a part of Prospect Street, and an order to remove obstructions in, or encroachments upon, this street, which it alleged Sanborn had made there, even if the assertion was erroneously made and the acts done under the order were wrongful, the remedy for the injury to Sanborn's property was to be found by a different procedure.

The vote in question is a direction to the committee on highways " to cause all fences and structures belonging to abutters on Prospect Street, between Milk Street and Webster Avenue, encroaching upon the limits of said Prospect Street, as shown by a plan made by Loring R. Horne during the year 1873, then city engineer, to be removed therefrom in fifteen days from the date hereof." There is nothing here which indicates any intention to widen or alter Prospect Street, or to take any land outside of its limits. It is not averred in the petition of the executors, that any land was actually taken or entered upon outside these limits which the city government thus asserted to be those of the then existing street.

It is not necessary now to consider whether, if there had been an order to widen the street and land taken therefor, the landowners might waive the point that no notice had been given to them as required by the Gen. Sts. *c.* 43, § 61, and that none of the other steps required by that chapter had been taken, and might petition for a jury to assess their damages; but, in construing the order, it is important to observe that it was not preceded or accompanied by any of the proceedings which should have attended an order for widening a street.

The proceedings of the city of Somerville, previously and subsequently to this vote, are of consequence only in determining what was intended by it. On examining them, we do not find any vote or act, in which both branches concurred, which recognizes that the fences or structures removed or any lands taken were outside of the limits of the highway. There are reports of committees that the line of the street is indicated by the existing fences, but there is no assent to this by the city government. Upon a report of this character, accompanied by a recommendation that Prospect Street be widened to fifty feet, and, pending the discussion on its adoption, the order we have been considering was passed as a substitute.

The fact that the assessors, after this order, diminished the taxable area of Sanborn's land is not important. In what they thus did, they acted as public officers, and their act in no way bound the city by any recognition that it had taken any of Sanborn's land.

The lines of Prospect Street had been defined by an order of the county commissioners in January, 1863. The city of Somerville did not seek to change these lines, but proceeded to ascertain them, and its order was an assertion that the limits of the street were such as they appeared upon the plan which it caused to be prepared, and that fences and other structures within such limits were obstructions and encroachments. Whether the act of the county commissioners in 1863 had any validity, or whether for any reason the city could properly do that which it assumed to do, is not now to be determined. It is enough that the city has not undertaken to alter or widen this way, and that the landowners were not entitled to a jury to assess the damages occasioned thereby.

Assuming that it might be waived, there has yet been no waiver by the city, upon the facts before it, of the irregularity of this application for a jury. By its answer to the petition of the executors, it maintained that the county commissioners had no jurisdiction in the premises, denied that it had altered or widened Prospect Street, and asserted that the land alleged to have been taken and appropriated for this purpose had been long prior thereto a part of Prospect Street.

*Writ of certiorari to issue.*